IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


UNITED STATES OF AMERICA,
            Plaintiff,

v.                                                          Case No. 3:10cv42/MCR/EMT

RAPHAEL I. ASHANTI,
            Defendant.
_____/

## ORDER, REPORT AND RECOMMENDATION

Plaintiff United States of America ("Plaintiff") initiated this action by filing a complaint alleging that Defendant Ralphael I. Ashanti ("Defendant") is indebted to the United States of America and failed to make payments on a student loan under 20 U.S.C. § 1071, *et seq*. (Doc. 1). Because Defendant proceeds pro se, the district court referred this matter to the undersigned for all pretrial proceedings, including the issuance of preliminary orders, the conduct of necessary hearings, and—with respect to any dispositive motions—the filing of a report and recommendation containing proposed findings of fact and conclusions of law.  *See* N.D. Fla. Loc. R. 72.2(E); 28 U.S.C. § 636(b)(1)(B)(C), and Fed. R. Civ. P. 72(b).  Presently before this court is Plaintiff's motion for summary judgment (Doc. 9).  The court issued an order informing Defendant of the ramifications of summary judgment, directing him to file a response, and setting a summary judgment advisement date (Doc. 10), but Defendant has not responded.

**Background**

After waiving service of summons (Doc. 3), Defendant apparently delivered a response to the complaint to Plaintiff, who then submitted the response to the court as Defendant's answer (Doc. 4).  In his answer, attaching two exhibits in support, Defendant disputes the allegations of the

complaint on the ground all of his student loans were discharged in bankruptcy.[1]  One of the exhibits attached to the answer appears to be a copy of a document from a collection service on behalf of the National Payment Center, dated December 19, 2001, which lists seven student loans by debt identification number under Defendant's account, then acknowledges that the identified loans were previously discharged in bankruptcy (*id.* at 2).[2]  The other exhibit is a copy of a hearing decision from the United States Department of Education ("DOE"), apparently undated, which refers to a petition filed by Defendant on February 27, 1998, and states its records reflect that the six loans listed by debt identification number have been discharged in bankruptcy (*id.* at 3).[3]  After Defendant's answer was filed,  Plaintiff filed a notice advising that Defendant had taken out several loans with the DOE, all but one of which had been discharged in bankruptcy, and that this action was to obtain a judgment on one non-discharged loan, debt identification number G200709006801701 (Doc. 6).  Defendant did not respond to Plaintiff's notice.  In its Rule 26 report,[4] Plaintiff states that in 1996 Defendant received a student loan guaranteed by the DOE, which Defendant had not repaid (Doc. 8).  In 2006 the loan was assigned to DOE with a principal owing of $17,016.42; as of November 7, 2009, the accrued interest amounted to $16,659.64, for a total debt of $33,676.06.  Plaintiff also represents that Defendant's position is that this student loan, along with others he obtained, was discharged in bankruptcy and thus is not subject to recovery in this action.

    In the motion for summary judgment, in support of the contention that although several of

---

[1]  Because the attachments to this document bear Defendant's complete social security number, they do not comply with the redaction requirement of Rule 5.2 of the Federal Rules of Civil Procedure.  Rule 5.2 provides that if a party files a paper with the court that contains an individual's social security number, the filing party may include only the last four digits of the social security number.  Fed. R. Civ. P. 5.2(a).  To protect the confidentiality of Defendant's social security number, the court will direct the clerk to seal Document #4.

[2]    The listed loans, by debt identification number are:  G199605010020004; G199605010020105; G199304037977602; G199605010019701; G199605010019802; G199605010019903; and G199605010020206.

[3]    The listed loans, by debt identification number are:  G199605010020004; G199605010020105; G199605010019701; G199605010019802; G199605010019903; and G199605010020206. Thus, with the exception of G199304037977602, the loans listed in the two documents are the same.

[4]  As directed in the court's scheduling order (Doc. 5), the parties conferred (Docs. 7, 8) but Plaintiff ultimately filed the Rule 26 joint report without obtaining Defendant's approval, reporting that a proposed joint report had been submitted to Defendant for his review but Defendant had not responded (Doc. 8).

Defendant's student loans were discharged in bankruptcy the loan at issue in this case was not, Plaintiff states the following, relying on the declaration of Alberto Y. Francisco, a loan analyst with the Office of Federal Student Aid of the DOE, who asserts he is qualified to provide information concerning student loans and, in particular, has knowledge of the student loans taken out by Defendant (Doc. 9-1 at 1–2).

Mr. Francisco avers that on or about May 9, 1988, Defendant took out a student loan in the amount of $4,000.00. The loan was guaranteed by the Higher Education Assistance Foundation and reinsured by the DOE (Doc. 9-1 at 4). On or about January 4, 1989, Defendant took out another student loan in the amount of $4,000.00. This loan also was guaranteed by the Higher Education Assistance Foundation and reinsured by the DOE (*id.*). Defendant defaulted on both loans, following which the debts were assigned to the DOE. The first defaulted loan was assigned debt identification number G199304037977501 and the second was assigned debt identification number G199304037977602 (*id.* at 5). In January 1996, Defendant executed a promissory note for consolidation of these two loans held by the DOE. The consolidation lender, AELMAC, paid the DOE $14,613.20, the DOE-insured consolidated loans were transferred to AELMAC, and Defendant's accounts within the DOE were closed (*id.*; *see also* loan consolidation application and promissory note at 7–8, bearing name "Raphael I. Ashanti (Jones)" and signed January 25, 1996). According to Mr. Francisco, on or about June 9, 1996, six additional, DOE-insured loans obtained by Defendant were assigned to the DOE as defaulted loans and given debt identification numbers G199605010019701, G199605010019802, G199605010019903, G199605010020004, G199605010020105, and G199605010020206 (*id.*). Defendant filed for Chapter 7 bankruptcy relief in February 1998, pursuant to which loans the six loans identified in the previous sentence were discharged (*id.*).[5] Defendant's account within the DOE was then closed (*id.*).

On or about November 22, 2006, after Defendant defaulted on the January 1996 consolidation loan, the loan was assigned and transferred to the DOE (Doc. 9-1 at 5). The loan was given debt identification number G200709006801701 (*id.*). According to Mr. Francisco, this

---

[5] Citing 11 U.S.C. § 523(a)(8)(A), Plaintiff notes that under what is known as the "seven-year rule," at the time that Defendant filed for bankruptcy relief, the Bankruptcy Code permitted debtors to discharge a student loan if more than seven years had elapsed since the debt became due. This provision no longer is part of the Bankruptcy Code.

particular loan was not discharged in Defendant's 1998 bankruptcy because it did not meet the requirements of § 523(a)(8)(A)'s seven-year rule, which was then in effect. Mr. Francisco states that, with respect to debt identification number G200709006801701—which references Defendant's outstanding defaulted loan that Plaintiff alleges was not discharged in the 1998 bankruptcy—Defendant owes the principal in the amount of $17,016.42 and interest in the amount of $18,189.55 for a total due of $35,205.97, as of June 22, 2010 (*id.* at 6).

**Summary Judgment Standard**

The summary judgment rule exists "to isolate and dispose of factually unsupported claims or defenses." Celotex Corp. v. Catrett, 477 U.S. 317, 323–24, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). Thus a motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; Celotex Corp., 477 U.S. at 322. A factual dispute is "'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." *Id.* at 248; Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citation omitted). Nevertheless, a general denial unaccompanied by any evidentiary support will not suffice. *See, e.g.*, Courson v. McMillian, 939 F.2d 1479 (11th Cir. 1991); Hutton v. Strickland, 919 F.2d 1531 (11th Cir. 1991). Furthermore, the court is not obliged to deny summary judgment for the moving party when the evidence favoring the nonmoving party is merely colorable or is not significantly probative. *See* Anderson, 477 U.S. at 249. Indeed, the existence of a scintilla of evidence in support of the nonmovant's position is insufficient; the test is "whether there is

[evidence] upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." *Id.* at 252. The movant carries the initial burden of production, which can be met by showing that the nonmovant has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322; Fickling v. United States, 507 F.3d 1302, 1304 (11th Cir. 2007). The movant may support its motion with evidence negating the nonmovant's claim; alternatively, it "'simply may show []—that is, point[] out to the district court—that there is an absence of evidence to support the non-moving party's case.'" Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115–16 & n.2 (11th Cir. 1993) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)); *see also* Four Parcels, 941 F.2d at 1438 n.19 (noting that movant must point to specific portions of the record; simply stating that nonmovant cannot meet its burden at trial is insufficient). Once this initial burden is met, the nonmovant must "go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593–94 (11th Cir. 1995) (citations and quotations omitted).

**Discussion**

Plaintiff's summary judgment argument, supported by Mr. Francisco's declaration and documentary evidence, is straightforward: because the loan consolidation application and promissory note executed by Defendant in January 1996 had not been in place for seven years at the time Defendant filed for bankruptcy protection in February 1998, the January 1996 loan was not eligible to be discharged—and was not discharged—under the bankruptcy rules then in effect. Accordingly, as Defendant has now defaulted on the January 1996 loan and assignment has been made to the DOE, Plaintiff is entitled to judgment in the amount of $35,205.97 (based on a principal amount owed of $17,016.42 and interest owed of $18,189.55, as of June 22, 2010).

As noted, Defendant has not responded to Plaintiff's motion. The failure of the non-moving party to respond to a motion for summary judgment does not automatically entitled the movant to judgment in its favor. *See* Fed. R. Civ. P. 56(e)(2) ("If the opposing party does not so respond,

summary judgment should, if appropriate, be entered against that party."). In these circumstances, the court must nevertheless inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law. United States of America v. One Piece of Real Prop., 363 F.3d 1099, 1101 (11th Cir. 2004) (stating that "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion."). The court therefore proceeds with this inquiry.

To establish a prima facie case for a claim to recover on a promissory note, "the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." United States v. Calzon, No. 08-23045-CIV, 2009 WL 1585983, at *3 (S.D. Fla. June 4, 2009) (quoting United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001)). The United States can establish these elements by producing "the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst." Guillermety v. Sec'y of Educ., 341 F. Supp. 2d 682, 688 (E.D. Mich. 2003) (citations omitted). Here, Plaintiff has presented the signed promissory note in question (*e.g.*, Doc. 9-1 at 7–8); moreover, Defendant does not dispute the fact of the loan. Plaintiff has also established, by a Certificate of Indebtedness (Doc. 1-1) and the declaration of DOE loan analyst Francisco signed under penalty of perjury (Doc. 9-1 at 1–6), that the United States is the present holder or owner of the note and that Defendant has defaulted on the loan. The government's prima facie case is therefore sufficiently established. *See* United States v. Irby, 517 F.2d 1042, 1043 (5th Cir. 1975) (determining that a prima facie case had been established where the plaintiff creditor had introduced the note, the guaranty, and a sworn transcript of account) (internal citation omitted).[6] "Once such a prima facie case is established," the burden then shifts to the defendant to "prov[e] the nonexistence, extinguishment or variance in payment of the obligation." United States v. Petroff-Kline, 557 F.3d 285, 290 (6th Cir. 2009). Here, Defendant has failed to provide any summary judgment evidence whatsoever for the defense articulated in his answer (and identified in the Rule 26 report) that the particular student loan debt at issue (debt

---

[6] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) ( en banc ), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued prior to October 1, 1981.

identification number G200709006801701) has been extinguished, i.e., was discharged in Defendant's 1998 bankruptcy. Even if Defendant has a genuine belief that the loan at issue was discharged in bankruptcy along with his other loans—a fact belied by the evidence before the court—such belief is not enough to defeat Plaintiff's motion. Taken as a whole, the record could not lead a rational trier of fact to find for Defendant. *See* Matsushita, 475 U.S. at 587 ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.") (internal quotation omitted). In short, Defendant has come forward with nothing that disputes the fact of the consolidated loan itself nor his default of that loan in repayment. The court therefore concludes that there is no genuine issue as to any material fact in this case and thus that Plaintiff is entitled to judgment as a matter of law.

Accordingly, it is **ORDERED:**

The clerk shall **SEAL** Defendant's "answer" (Doc. 4).

And it respectfully **RECOMMENDED** that:

1.      Plaintiff's motion for summary judgment (Doc. 9) be **GRANTED**.

2.      Judgment be entered in Plaintiff's favor in the amount of $35,205.97 (principal in the amount of $17,016.42 and interest in the amount of $18,189.55), as of June 22, 2010.

At Pensacola, Florida this 29th day of November 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**
        **Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**